Lalor v. Wattles.

RICHARD D. LALOR, plaintiff in error, *v.* WILLIAM P. WATTLES, defendant in error.

*Error to Will.*

The voluntary branch of the Bankrupt Law of the United States, passed August 19, 1841, is constitutional and valid.

THIS suit was commenced before a Justice of the Peace on the 17th day of May, 1841, by Wattles against Lalor. Wattles recovered a judgment for $81·44, and costs, from from which judgment Lalor took an appeal to the Will Circuit Court.

At the May term, A. D. 1843, of said Circuit Court, the bankruptcy of the defendant was suggested and the cause thereupon continued. At the October term, Lalor filed his plea of bankruptcy and final discharge from all his debts under the United States Bankrupt Law then in force, to which plea Wattles demurred, and assigned the following as his ground of demurrer, to wit: That "that part of the Act of Congress, entitled an Act to establish a uniform system of Bankruptcy throughout the United States, under which the defendant pleads a discharge from his debts, is in violation of the Constitution of the United States."

The Hon. Richard M. Young, the presiding Judge of the Will Circuit Court, by agreement of counsel, took the cause under advisement, and at the October term, A. D. 1844, sustained the demurrer, to which judgment Lalor excepted, and brought the case into this Court by writ of error.

*U. Osgood & W. E. Little,* for the plaintiff in error. *H. Dusenbury,* on the same side, filed a brief argument in favor of the constitutionality of the Bankrupt Law.

*D. L. Gregg,* for the defendant in error, filed an elaborate argument against the constitutionality of said law.

The Opinion of the Court was delivered by

LOCKWOOD, J. Wattles sued Lalor before a Justice of the Peace, who rendered a judgment in his favor for $84·44. The cause was removed to the Will Circuit Court by appeal, where Lalor plead his discharge, as a bankrupt, under the Act of Congress, passed the 19th August, 1841. To this plea Wattles demurred, on the ground that the voluntary part of the Bankrupt Law violated the Constitution of the United States. The Circuit Court of Will county sustained the demurrer, and gave judgment for the plaintiff below. To reverse this judgment, the cause is brought to this Court by writ of error.

The only question submitted for our consideration is, whether the voluntary part of the Bankrupt Law is a violation of the Constitution of the United States. This is truly a grave and momentous question. As it arises under the Constitution and laws of the United States, its ultimate decision devolves on the Supreme Court of the Union, and it is matter of deep regret that the question has not been presented to that tribunal, whose determination can alone put an end to all controversy on the subject. Fortunately, however, this Court is not without strong indications of what will be the decision of that Court, whenever the question shall be brought before it. The Bankrupt Act has been before most of the Judges of the Supreme Court on their respective Circuits, and questions either directly or indirectly made as to its constitutionality, and we believe that a decided majority of the Judges have pronounced the law to be constitutional. If the Supreme Court of the United States had expressly decided this point, it would be our imperative duty to conform to their decision. And when it can be clearly ascertained, from the individual action of the Judges, what will be their decision when the question shall be presented to them in their collective capacity, it seems to be reasonable that we should follow in the path thus indicated. We do not, therefore, deem it our duty to enter into any argument on the subject. This question has, however, been argued before the Supreme Court of New York, and

the law held by that Court to be constitutional. We, therefore, consider it incumbent on this Court to decide that the voluntary branch of the Bankrupt Act is constitutional and valid.

The judgment of the Court below is consequently reversed, with costs, and the cause remanded.

*Judgment reversed.*